UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAFFON GLYMPH,

          Plaintiff,

    v.

EXTENDED STAY AMERICA,

          Defendant.

CASE NO. 2:25-cv-01699-JNW

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

This matter comes before the Court on Defendant Extended Stay America's unopposed motion to dismiss under Fed. R. Civ. P. 12(b)(6). Dkt. No. 6. The Court GRANTS the motion.

Under LCR 7(b)(2), a party's failure to file an opposition to a motion may be deemed an admission that the motion has merit. Local Civil Rule 7(b)(2). A district court need not examine the merits of an unopposed motion to dismiss before granting it. *Hancock v. Lovrien*, 2024 WL 3540459, *1 (D. Nevada July 23, 2024) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali*, 46 F.3d at 53. But before granting an unopposed motion to dismiss, the court must consider the

ORDER GRANTING DEFENDANT's MOTION TO DISMISS - 1

following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

The *Ghazali* factors support dismissing Glymph's claims. Glymph's non-compliance slows the court's ability to manage its docket and resolve cases. *Hancock*, 2024 WL 3540459 * 1. Nor is there any risk of prejudice to Extend Stay since it is the party seeking dismissal so it is not forced to litigate the merits of a claim that Glymph has declined to defend. Although public policy favors resolving cases on the merits, that factor carries little weight here, as the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Glymph's failure to respond makes resolution on the merits difficult, if not impossible. *Id.* The final factor also favors dismissal. Dismissal with leave to amend is among the least drastic sanctions available, as it terminates the current proceeding without foreclosing Glymph's ability to pursue his claims. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Glymph may do so by filing an amended complaint within the deadline set by this order.

Accordingly, the Court orders:

1. Defendant's unopposed motion to dismiss is GRANTED without prejudice. Dkt. No. 6.

2.  Glymph may file an amended complaint within FOURTEEN (14) days of this order. Failure to file an amended complaint within 14 days will result in closure of this action.

3.  The Court directs the Clerk to calendar the amended complaint deadline on the Court's docket.

Dated this 24th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANT's MOTION TO DISMISS - 3