UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAFFON GLYMPH,

Plaintiff,

v.

EXTENDED STAY AMERICA, et al.

Defendants.

CASE NO. 2:25-cv-01699-JNW

ORDER DENYING MOTION TO
APPOINT COUNSEL

Plaintiff Laffon Glymph proceeds pro se and in forma pauperis (IFP) against Extended Stay of America, bringing claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Glymph also brings state-law claims for trespass, invasion of privacy, intentional infliction of emotional distress, defamation, and breach of contract. Glymph moves for appointment of pro bono counsel. Dkt. No. 13.

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). To determine whether exceptional circumstances exist, the Court must evaluate both

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

"the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together, but neither factor is dispositive. *Id.* at 1331.

The Court's analysis is further guided by the District's Plan for the Representation of Pro Se Litigants in Civil Rights Actions, which identifies additional considerations relevant to the appointment of counsel. These include, among other things, the inability of the pro se litigant to retain counsel by other means, and whether they have connected with at least two other attorneys without securing representation. *See* General Order 07-23, § 2(3), 3(b).

Glymph's application does not adequately state whether he has connected with any attorneys, only that he has contacted 8-10 attorneys and legal organizations without any success, but it does not identify whether any of those contacts were with individual attorneys (as opposed to legal organizations or clinics) and does not state when they occurred. Dkt. No. 13. This is not enough to satisfy the Plan's requirements.

Even setting aside the procedural deficiency, Glymph has not made the threshold showing of likely success on the merits.

His motion also does not address the merits of his claims. He states that the King County District Court in Issaquah found that there was reasonable cause to believe his allegations are true. He asserts "the case has merit. General manager's behavior was outrageous." This is not sufficient.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

On this minimal record, the Court finds that exceptional circumstances do not exist and that the factors identified in the Plan do not support referral for appointment of pro bono counsel at this time.

Accordingly, the Court DENIES the motion to appoint counsel. Dkt. No. 13.

Dated this 19th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3