UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAFFON GLYMPH,<br><br>Plaintiff,<br><br>v.<br><br>EXTENDED STAY AMERICA<br>MANAGEMENT, LLC (ESA),<br><br>Defendants. | CASE NO. 2:25-cv-01699-JNW<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

## 1.  INTRODUCTION

This matter comes before the Court on Defendants Extended Stay America Management, LLC and Jacquelline Cockrell's motion to dismiss, Dkt. No. 15, pro se Plaintiff Laffon Glymph's first amended complaint, Dkt. No. 12.

The FAC alleges that Glymph was a "paying hotel guest" at Extended Stay America, who intended to stay at the hotel for 60 days. Dkt. No. 12 at 3. Glymph alleges that General Manager Jacquelline Cockrell accused Glymph of damaging hotel property, entered Glymph's hotel room without authorization, monitored and surveilled Glymph, and shared Glymph's personal information with staff and law enforcement. *Id*. at 3–4. Glymph alleges that Cockrell's treatment ultimately

resulted in Glymph's removal from the hotel. *Id*. at 4. Glymph brings seven claims, which the FAC labels Counts I through V, VII, and VIII (the FAC contains no Count VI): Count I, public accommodations discrimination under 42 U.S.C. § 2000a; Count II, denial of the equal right to make and enforce contracts under 42 U.S.C. § 1981; Count III, violation of her civil rights under 42 U.S.C. § 1983; Count IV, unreasonable search and seizure under the Fourth Amendment; Count V, denial of equal protection and due process under the Fourteenth Amendment; Count VII, intentional infliction of emotional distress; and Count VIII, breach of contract. Dkt. No. 12 at 5–18.

The FAC does not allege sufficient facts to support Glymph's claims.[1] Her breach of contract claim independently fails because she identifies no breached contract term, and it is alternatively barred by claim preclusion in light of her prior King County District Court action arising from the same hotel stay.

Accordingly, the Court GRANTS the motion for the reasons stated below.

## 2. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The FAC also references trespass, invasion of privacy, and defamation, but the FAC pleads no separate count for those theories, and the Court does not treat them as freestanding claims. Even construed liberally as separate claims, they would fail for the same absence of well-pleaded factual allegations discussed below.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, courts must accept the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

A pro se complaint must be construed liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But liberal construction does not require the Court to supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## 3.  DISCUSSION

### 3.1  Glymph's motion to strike is denied, and her surreply does not change the result.

The Court first addresses two procedural requests. Glymph moves under Rule 12(f) to strike Exhibit B1 to Defendants' request for judicial notice. Dkt. No. 17 at 2–4. The request is moot, because Defendants withdrew Exhibit B1 by errata, Dkt. Nos. 19, 20, and meritless regardless, because Rule 12(f) reaches only pleadings, not exhibits to a request for judicial notice. Fed. R. Civ. P. 7(a), 12(f); LCR 7(g)(5). The motion is DENIED. Glymph's surreply, Dkt. No. 21, reargues claim preclusion and judicial notice rather than addressing material in a reply brief, as LCR 7(g) requires. The Court has reviewed it given Glymph's pro se status but finds that it does not change the analysis below.

### 3.2  Glymph's breach of contract claim.

The Court begins with the breach of contract claim, which fails to state a claim and, in the alternative, is barred by claim preclusion.

The claim fails on the pleadings because Glymph does not identify any contract term that Defendants breached. A breach claim requires "(1) a contract imposing a duty, (2) breach of that duty, and (3) damages proximately caused by breach." *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, 831 F. App'x 814, 817 (9th Cir. 2020) (citing *C 1031 Prop., Inc. v. First Am. Title Ins. Co.*, 301 P.3d 500, 503 (2013)). The FAC—though it alleges that Glymph prepaid for lodging and intended to stay sixty days—identifies no term guaranteeing an unconditional right to remain or barring the hotel from ending her stay. The claim is dismissed on this ground.

It is also independently barred by claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). Defendants assert that a judgment entered in King County District Court has preclusive effect on Glymph's claims, especially for her breach of contract claim. *See Glymph v. Extended Stay of Am.*, 22CIV18362KCX, King County District Court (Dec. 8, 2023).[2] In that case, the Court entered judgment for Glymph finding that the hotel manager violated Glymph's right of quiet enjoyment as a hotel guest, requiring reimbursement of the amount Glymph paid for rent, tax, and fees and for lost food costs. Dkt. No. 15-2 at 34. Claim preclusion applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Hilliard v. Murphy Land Co., LLC*, No. 22-35129, 2023 WL 2235653, at *1 (9th Cir. Feb. 27, 2023) (citation omitted).

First, Glymph's breach of contract claim is identical to the relief she sought in her King County case. The King County Judgment adjudicated the contractual loss that Glymph suffered from her hotel stay, by awarding her rent, taxes, and fees, and lost food costs. Second, the King County judgment is a final judgment on the merits. *Chao v. A-One Medical Services*, Inc., 346 F.3d 908, 921 (9th Cir. 2003) (small claims judgments in Washington courts that exceed the $250 monetary

---

[2] The Court takes judicial notice of the court filings in the underlying King County District Court action. Fed. R. Evid. 201. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including state court filings).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

threshold to permit appeals have claim preclusion effect). Here, there was a final judgment amount of $1,150.34 and Glymph had the right to seek appellate review. As for the third element, Plaintiff is the same in both matters, and Defendants here are in privity with the defendant in the King County matter. There, the defendant was Extended Stay America, ESA P Portfolio Operating Lessee LLC, a related entity to Extended Stay America LLC, the defendant in this matter. Furthermore, although Defendant Cockrell was not named in the small claims matter, there is no dispute that she was an employee at the time of the events underlying the complaint. The employer and employee relationship suffices to establish privity for claim preclusion purposes. *Eugster v. Wash. State Bar Ass'n*, 397 P.3d 131, 146 (2017).

Thus, Glymph's breach of contract claim is also barred by claim preclusion. Although Defendants contend that the King County judgment precludes Glymph's remaining claims as well, the Court need not reach that argument because, as explained below, each of those claims independently fails to state a claim.

### 3.3    Glymph's Title II and Section 1981 claims fail because she pleads no facts of racial discrimination.

Glymph's Title II public accommodations discrimination claim fails because she does not allege facts showing that other similarly situated persons who were not members of the protected class received the full benefits of the services or were treated better. *Opara v. Yellen*, 57 F.4th 709, 722–23 (9th Cir. 2023). Nor does she allege facts otherwise giving rise to a plausible inference of discrimination. *Id.* Alleging that such persons exist "[u]pon information and belief" is not enough. Dkt.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

No. 12 at 6. Separately, Title II authorizes only injunctive relief, not damages, and Glymph—who has been removed from the hotel and alleges only a past incident—identifies no basis for prospective relief. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 n.6 (9th Cir. 2000).

Glymph's Section 1981 claim fails for the same reason. Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. See 42 U.S.C. § 1981(a). Only purposeful discrimination violates Section 1981. *Gen. Bldg. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). Glymph's complaint does not infer any purposeful racial discrimination. *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1163 (W.D. Wash. 2016) (alleging "[o]n information and belief" is not enough to allow the court to reasonably infer that purposeful racial discrimination accounts for the alleged differential treatment).

### 3.4   Glymph's Section 1983, Fourth Amendment, and Fourteenth Amendment claims fail because Defendants are not state actors.

Glymph cannot meet the requirements of a Section 1983 claim against Defendants. Section 1983 claims require that the Defendant acted "under color of state law." *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 479 (9th Cir. 1998). Defendants are a private hotel operator and its manager, not state actors. Glymph's allegation that Cockrell summoned police based on false accusations does not change this, because "merely complaining to the police does not convert a private party into a state actor." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008).

Similarly, Glymph's Fourth and Fourteenth Amendment claims fail because Defendants are not government actors. Dkt. No. 12 at 10. She alleges that Defendants unauthorized entry into her room precipitated the arrival of law enforcement's arrival and her eventual removal from the hotel. *Id.* But Defendants are private individuals, and Glymph does not allege that they were acting as agents of law enforcement. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (the Fourth Amendment's protections against unreasonable searches does not apply to a search "by a private individual not acting as an agent of the government or with the participation or knowledge of any government official."). Glymph's Fourteenth Amendment claim fails because she has not sufficiently alleged that Defendants' actions are attributable to the State of Washington. Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated. *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001).

## 3.5    Glymph fails to state a claim for intentional infliction of emotional distress.

Finally, Glymph fails to state a claim for intentional infliction of emotional distress. This requires proof of the following elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1110 (2015) (citations omitted). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

*Grimsby v. Samson*, 530 P.2d 291, 295 (1975). Whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine whether reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability. *Phillips v. Hardwick*, 628 P.2d 506, 510 (1981). Even when construing the complaint in the light most favorable to Glymph, Defendants' conduct was not outrageous. This is largely because Glymph's description of Defendants' conduct lacks sufficient detail. False accusations and conclusory statements that Defendants subjected Glymph to "harassment, unwarranted monitoring, and intimidation" are not enough to meet the first element. Glymph also does not sufficiently plead the third element as she simply states in a conclusory fashion that she suffered "severe emotional distress, including humiliation, anxiety, embarrassment, and disruption to her personal and professional life." Dkt. No. 12 at 14.

### 3.6    Leave to amend.

The Court finds that further leave to amend is not warranted here. Glymph has already had the opportunity to state a viable claim and has not done so. But more importantly, the defects in Glymph's amended complaint are not the result of inartful pleading, they represent substantive defects that cannot be cured by further amendment. This is especially clear for the constitutional claims, which fail because Defendants are private parties, and no amendment can supply the state action those claims require. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding "there is no need to prolong the litigation by

permitting further amendment" where the "basic flaw" in the pleading cannot be cured); *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. Defendants' motion to dismiss, Dkt. No. 15 is GRANTED.

2. Plaintiff's motion to strike, Dkt. No. 17, is DENIED.

3. This case is dismissed, with prejudice.

4. The Clerk is directed to close this case.


Dated this 26th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 10